43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford Dennis CHRISTIE, Defendant-Appellant.
 No. 93-30177.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1994.
Decided Nov. 25, 1994.
 
 Before: ALARCON, NORRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Clifford Dennis Christie ("Christie") was tried before a jury and convicted on charges of federal income tax evasion and bank fraud. Christie now argues on appeal that his conviction should be set aside because the district court erred by admitting certain testimony into evidence, by denying Christie's motions to sever and for a new trial, and by allowing the prosecutor to vouch for the credibility of government witnesses. In addition, Christie contends that the district court improperly adjusted his sentence upward for having abused a position of trust. We affirm the conviction but vacate the sentence and remand for resentencing.
 
 
 3
 * Christie first argues that the admission into evidence of Dennis Kitch's testimony that Christie had "turned state's witness" and had done accounting work for "organized crime" constituted a violation of his due process rights. The admission of contested evidence will not be overturned on due process grounds unless it is shown that the evidence was irrelevant to an essential element of the prosecution's case, and that its admission rendered the trial fundamentally unfair. See McKinney v. Rees, 993 F.2d 1378, 1381 (9th Cir.) (as amended) (habeas corpus), cert. denied, 114 S.Ct. 622 (1993). Accord Henry v. Estelle, --- F.3d ----, ----, No. 91-55691, slip op. 9447, 9461 (9th Cir. Aug. 19, 1994) (per curiam) (as amended) (admission of such testimony violates due process only when "there are no permissible inferences the jury may draw from the evidence and the testimony is of such quality as necessarily prevents a fair trial") (citation and internal quotation omitted).
 
 
 4
 The contested statement was an isolated incident in a nearly 5-day trial; the testimony was not referred to again by the government during closing argument; the court instructed the jury that Christie was not on trial for anything other than the crimes charged; Christie neither disavowed the statement on his own direct examination nor made any effort to discredit Dennis Kitch on this point during cross-examination; and the evidence of Christie's guilt was little short of overwhelming. The district court did not err by ruling as it did.
 
 II
 
 5
 Prior to trial, Christie moved to sever Count 11 from the other ten counts, arguing that he should be tried separately on the bank fraud (check kiting) charge because it bore little relationship to the other ten counts, and the resulting prejudice to his defense would be manifest. The government opposed the motion, contending that any resultant prejudice to Christie was more than outweighed by the interest of judicial economy, because much of the evidence on the tax-related offenses would be admissible on the bank fraud charge. The district court agreed with the government and denied the motion. Christie now contends that this ruling constituted an abuse of discretion.[1]
 
 
 6
 We conclude that the government's argument on this point is the more persuasive and, considered in the light of our long-standing rule that "[t]he ordering of separate trials requires unusual circumstances and the power to do so rests within the broad discretion of the District Court[,]" United States v. Gay, 567 F.2d 916, 919 (9th Cir.), cert. denied, 435 U.S. 999 (1978), we hold that the district court did not abuse its discretion by denying Christie's motion to sever. See United States v. Sitton, 968 F.2d 947, 961 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992) & 113 S.Ct. 1306 (1993).
 
 III
 
 7
 Three months after his conviction, Christie moved for a new trial and discovery, alleging that someone had dumped on his doorstep an envelope containing charge card receipts for certain Coaxco employees who, like Christie, had been issued corporate credit cards. Christie insisted that these records constituted new evidence that was both exculpatory and material to his defense. After the government responded to Christie's motion, Christie argued that the government knew, or should have known, of this evidence all along and had wrongfully withheld it from Christie. The district court denied the motion and Christie's subsequent motion to reconsider, finding that the new evidence was merely cumulative of other evidence already introduced at trial to impeach Kitch, and concluding that, because the evidence would not have altered the trial's outcome, the evidence was not material.
 
 
 8
 While the circumstances surrounding the post-trial discovery of the additional American Express receipts are troubling, the newly discovered evidence simply indicates that Christie may not have been the only one at Coaxco who charged personal expenses to the company; it could hardly overcome the extensive evidence showing that, for more than two years, Christie had repeatedly siphoned company funds for personal use, doctored the company books in order to avoid having to repay any of that money to Coaxco, and then failed to report any of these transactions to the IRS. Having failed to "carr[y his] significant burden to show that the district court abused its discretion in denying the motion for a new trial[,]" United States v. Blinder, 10 F.3d 1468, 1476 (9th Cir.1993), Christie cannot be heard to complain that the district court abused its discretion by denying the motion to reconsider its denial of the new trial motion.
 
 IV
 
 9
 Christie next contends that some of the comments government counsel made during closing argument involved improper vouching and warrant the reversal of his conviction.
 
 
 10
 As a general rule, a prosecutor may not express his opinion of the defendant's guilt or his belief in the credibility of government witnesses. Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony.... At the same time, we have recognized that prosecutors must have reasonable latitude to fashion closing arguments, and thus can argue reasonable inferences based on the evidence, including that one of the two sides is lying.
 
 
 11
 United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993) (as amended) (internal citations and quotations omitted).
 
 
 12
 With respect to the first of the prosecutor's comments to which Christie objected ("[T]here is no doubt who is telling the truth"), it is clear that no improper vouching was involved; the prosecutor merely posited a logical inference the jury was free to draw from the evidence presented. The second of the prosecutor's comments to which Christie objected, however, clearly involves prosecutorial vouching. Nevertheless, we conclude that any resultant error was harmless. The vouching was relatively mild ("Or do you believe Mr. Kitch, who testified truthfully.... Who is testifying, pursuant to an immunity agreement, and it was required that he testify truthfully."); there was no indication of any extra-record knowledge on the part of the prosecutor; there was no indication that either the prosecutor or the court was monitoring the witnesses' truthfulness; the comments occurred at a single point during closing argument, and only after Christie had directly challenged the credibility of both of the government's key witnesses; the district court promptly sustained both of Christie's objections, and instructed the jury that the statements of counsel were not evidence to be considered in deciding the facts of the case, and that the jury should take into consideration when weighing the credibility of the government's witnesses that two of them had been granted immunity in exchange for their testimony against Christie. Weighing these considerations in the light of the overwhelming evidence of Christie's guilt, we conclude that the vouching did not rise to the level of reversible error. See United States v. Necoechea, 986 F.2d at 1278 (listing factors to be considered).
 
 V
 
 13
 Christie's final argument is that the district court erred by enhancing his sentence for having abused a position of trust because there was no personal relationship between himself and either of his victims, viz., Far West Federal Savings Bank ("Far West") and the federal government. The United States Sentencing Guidelines ("USSG" or "Guidelines") provide that a defendant who abuses a position of public or private trust "in a manner that significantly facilitate[s] the commission or concealment of the offense" is subject to a two-level sentence enhancement. USSG Sec. 3B1.3 (Nov. 1993). The Commentary to section 3B1.3 defines "public or private trust" as involving a person holding a position with professional or managerial discretion, i.e., an individual "subject to significantly less supervision than employees whose responsibilities are primarily nondiscretionary in nature." USSG Sec. 3B1.3, comment. (n. 1).
 
 
 14
 "[A] position of trust ... must be established from the perspective of the victim." United States v. Hill, 915 F.2d 502, 506 n. 3 (9th Cir.1990) (as amended). Accord United States v. Queen, 4 F.3d 925, 929 (10th Cir.1993), cert. denied, 114 S.Ct. 1230 (1994); United States v. Moored, 997 F.2d 139, 145 (6th Cir.1993); United States v. Hickman, 991 F.2d 1110, 1112 (3d Cir.1993); United States v. Castagnet, 936 F.2d 57, 62 (2d Cir.1991). While there is nothing in the Guidelines that requires there be a direct, personal relationship of trust between the perpetrator of the offense and the victim, other courts have so held. See e.g. United States v. Moore, 29 F.3d 175, 178-79 (4th Cir.1994) (no coconspirator liability under section 3B1.3 where coconspirators were not directly employed by victim corporation); United States v. Pardo, 25 F.3d 1187, 1191-92 (3d Cir.1994) (enhancement under section 3B1.3 not limited to employees, but applies as well to "insiders" who abuse victim's reliance). As we recently noted in United States v. Cuff, 999 F.2d 1396 (9th Cir.1993) (per curiam), an employment relationship can constitute such a position of trust, although the mere fact that an employee handles his employer's property (in this case, a postal worker on a loading dock) will not, in and of itself, warrant the application of section 3B1.3. Id. at 1397-98.
 
 
 15
 In the light of the above, it cannot be said that Christie occupied a position of trust vis-a-vis either of his victims, viz., Far West and the federal government. He was neither employed by Far West or the federal government, nor was there any kind of direct, personal relationship between Christie and his victims that would warrant an extension of section 3B1.3 here. Accordingly, we must set aside the district court's application of the two-level enhancement of section 3B1.3. Because we are unable to determine from this record whether or not the court would impose the identical sentence on Christie absent the two-level enhancement, we must remand for resentencing. See United States v. Rodriguez-Razo, 962 F.2d 1418, 1420, 1423-25 (9th Cir.1992) (citing and discussing Williams v. United States, 112 S.Ct. 1112, 1120-21 (1992)).
 
 
 16
 The conviction is AFFIRMED. The sentence is VACATED and the case is REMANDED for further proceedings.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that we need not reach the merits of Christie's argument because Christie failed to renew his motion to sever at the close of trial. See United States v. Vasquez-Velasco, 15 F.3d 833, 845 (9th Cir.1994) (failure to renew motion to sever at close of trial generally waives appellate review). However, "[t]his requirement is not an inflexible one; waiver may be absent when the motion accompanies the introduction of evidence deemed prejudicial and a renewal at the close of all evidence would constitute an unnecessary formality. The guiding principle is whether the defendant diligently pursued the motion." Id. (internal quotations, internal citations, and footnote omitted)
 Judge Marsh repeatedly declared that any renewal of the motion would have been a futile and unnecessary formality, and would not have made any difference. While it is not clear that Christie "diligently pursued the motion" to sever, it does appear that any renewal of the motion would have been a waste of effort on Christie's part. Under the circumstances, we hold that the issue is properly before us.