51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denise Marie KATZ, Defendant-Appellant.
 No. 93-10535.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1994.
Decided March 31, 1995.
 
 Before: CHOY, POOLE, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals Denise Marie Katz's 5-year probationary sentence imposed following her guilty plea to embezzlement by a bank employee in violation of 18 U.S.C. Sec. 656. The United States contends that the district court erred by: (1) refusing to enhance Katz's offense level for abuse of trust under U.S.S.G. Sec. 3B1.3; (2) granting a downward departure from the applicable Guidelines range; and (3) imposing a term of probation in lieu of imprisonment. We vacate Katz's sentence and remand the case for resentencing.
 
 
 3
 We are unable to determine from the record whether the district court clearly erred by refusing to enhance Katz's base offense level for abuse of trust. In rejecting the Government's argument to apply such an enhancement, the district court simply deferred to Katz's arguments without making adequate factual findings as required by Ninth Circuit precedent. See United States v. Ferrin, 994 F.2d 658, 665 (9th Cir.1993) (remand required where district court failed to make adequate factual findings regarding abuse of trust adjustment). Therefore, we must remand for the court to make findings consistent with Ferrin. To ensure proper application of the Guidelines on remand, we point out that Sec. 3B1.3, comment. (n. 1) has been amended by the Sentencing Commission. Because the amendment is merely a clarification, rather than substantive alteration, see United States v. Smaw, 22 F.3d 330, 333-34 (D.C.Cir.1994), the district court is instructed to apply it retroactively, see United States v. Garcia-Cruz, 40 F.3d 986, 990 (9th Cir.1994).
 
 
 4
 In reviewing the district court's downward departure from the Guidelines, we are guided by the three-prong test set forth in United States v. Anders, 956 F.2d 907, 909 (9th Cir.1992), cert. denied, 113 S.Ct. 1392 (1993). First, it is undisputed that U.S.S.G. Sec. 5H1.4 constitutes legal authority for a downward departure under the Guidelines. Second, the district court's findings regarding the serious medical problems of Katz, her husband, and her eldest child were not clearly erroneous.[1] Third, we conclude that the extent of the downward departure was not unreasonable in light of the policies and standards of the Guidelines and the Sentencing Reform Act.
 
 
 5
 Finally, we conclude that, because Katz was convicted of a Class B felony, the district court erred by imposing probation in lieu of a term of imprisonment. See 18 U.S.C. Sec. 3561(a)(1); U.S.S.G. Sec. 5B1.1(b)(1). Because Katz, however, served four months home detention as a condition of probation, the court has the discretion on remand to depart downward by up to four months.[2] See United States v. Miller, 991 F.2d 552, 554 (9th Cir.1993) ("The exact amount of the departure should be dictated by the district court's balancing of the factors given in 18 U.S.C. Sec. 3553(a)(2).").
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not consider the other factors relied on by the district court as a basis for departure. Assuming without deciding that the court considered an invalid factor, we conclude that such an error was harmless and did not affect the district court's selection of the sentence imposed. See United States v. Marsh, 26 F.3d 1496, 1503 (9th Cir.1994)
 
 
 [2]
 Katz contends that remanding for a potential term of imprisonment would violate the Fifth Amendment Double Jeopardy Clause prohibition against multiple punishments for the same offense based upon her completion of the four-month home detention. This contention is foreclosed by our decision in United States v. Kane, 876 F.2d 734, 736-37 (9th Cir.), cert. denied, 493 U.S. 861 (1989); see also United States v. Kinsey, 994 F.2d 699, 702 (9th Cir.1993) (following Kane )