106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jacqueline HOANG, a/k/a Thanh Lan Thi Tran, Defendant-Appellant.
 No. 96-30112.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1997.
Decided Jan. 14, 1997.
 
 Before: WRIGHT, CANBY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hoang appeals the district court's enhancement of her sentence by two points for abuse of trust. We have jurisdiction under 18 U.S.C. § 3742(a) and we affirm.
 
 
 3
 An abuse of trust enhancement is appropriate if a defendant occupied a position of trust and abused that position of trust "in a manner that significantly facilitated the commission or concealment of the offense." USSG § 3B1.3, comment. (n. 1). We review de novo a district court's enhancement decision. United States v. Ferrin, 994 F.2d 658, 665 (9th Cir.1993); United States v. Hill, 915 F.2d 502, 505 (9th Cir.1990).
 
 1. Hoang Occupied a Position of Trust
 
 4
 The primary indication of a position of trust is that it enables its holder to commit a difficult-to-detect wrong. Hill, 915 F.2d at 506. "[I]f one party is able to take criminal advantage of the relationship without fear of ready or quick notice by the second party, the second party has clearly placed a level of trust in the first." Id.
 
 
 5
 Hoang's position as bookkeeper of a small five-person company gave her access to the checkbook, knowledge of the company's bank transactions and the ability to destroy bank statements. She operated without immediate surveillance or supervision. Cf. United States v. Cuff, 999 F.2d 1396 (9th Cir.1993) (postal service employee who stole mail was not in a position of trust because he was under constant supervision at the loading dock and the registered mail was deemed missing one day after the theft).
 
 
 6
 That Hoang's theft went unnoticed does not show a lack of diligence by her employer. Hoang's supervisor realized that the bank statements were missing after two months and ordered copies from the bank. Cf. United States v. Helton, 953 F.2d 867 (4th Cir.1992) (bank cashier did not hold a position of trust where inept supervisor failed to notice embezzlement for nearly a year). That the company might have employed a more failsafe auditing process actually supports the enhancement by demonstrating the trust it placed in Hoang. The court appropriately found that Hoang occupied a position of trust.
 
 
 7
 2. Hoang's Position of Trust Substantially Contributed to the Facilitation of the Crime.
 
 
 8
 A defendant's position of trust substantially contributes to the facilitation of the crime if any abuse of the position made it significantly easier to commit or to conceal the crime. United States v. Foreman, 926 F.2d 792, 796 (9th Cir.1990). If the position of trust provided an opportunity that any other person could have seized, an enhancement is not appropriate. Hill, 915 F.2d at 507.
 
 
 9
 Although Hoang did not have the authority to sign the checks, her position made it possible for her to steal the checks and to make transactions at a bank that regarded her as a company representative. Another employee could have physically destroyed the bank statements, but Hoang's position provided her with the knowledge of what papers to destroy. Finally, the law does not require that her position authorized her to commit the crime. See United States v. Kay, 83 F.3d 98 (5th Cir.), cert. denied, 117 S.Ct. 247 (1996) (although defendant's bookkeeper position did not have check signing authority, her access to the company's financial records placed her in a special position to facilitate the commission of her offense).
 
 
 10
 Hoang's position of trust directly contributed to the planning, commencement and concealment of the crime. The district court did not err in finding that Hoang held a position of trust that substantially contributed to the facilitation of the crime.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3