124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appelle,e
v.
Martin BOTTROFF, Defendant-Appellant.
 No. 96-30289.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-95-00554-2-TSZ; Thomas S. Zilly, District Judge, Presiding.
 Before: HALL, BRUNETTI, and, THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Martin Bottroff appeals his guilty plea conviction and sentence for failing to account for postal funds, in violation of 18 U.S.C. § 1711. Bottroff contends that the district court erred by denying his motion to withdraw his guilty plea, and by imposing a two-level enhancement for abuse of a position of trust, under U.S.S.G. § 3B1.3. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 I. Guilty Plea
 
 3
 Bottroff contends that the district court erred by denying his motion to withdraw his guilty plea based on its conclusion that the standard announced in United States v. Hyde, 92 F.3d 779, 781 (9th Cir.1996) was inapplicable. This contention lacks merit because after briefing in this case was completed, the Supreme Court reversed our decision in Hyde. See United States v. Hyde, 117 S.Ct. 1630, 1631 (1997).
 
 
 4
 Alternatively, Bottroff contends that withdrawal was merited because: (1) the district court failed to adequately inquire into the factual basis for his guilty plea; (2) his plea was coerced; (3) he had a viable claim of innocence; (4) his counsel erroneously advised him as to the possibility of a probationary sentence; and (5) the district court erroneously determined that the government would be prejudiced were he permitted to withdraw his plea. We conclude Bottroff failed to carry his burden of establishing that manifest injustice would result if he was not allowed to withdraw his plea. See United States v. Hoyos, 892 F.2d 1387, 1400 (9th Cir.1989) (discussing burden).
 
 
 5
 First, Bottroff maintains that the district court failed to comply with Federal Rule of Criminal Procedure 11(f) by accepting his guilty plea without establishing that he had the requisite criminal intent. "We review de novo the adequacy of a Rule 11 hearing." United States v. Alber, 56 F.3d 1106, 1109 (9th Cir.1995). Before entering judgment upon a guilty plea, Rule 11(f) requires the district court to satisfy itself that a factual basis exists for each element of the offense charged. See id. at 1110. In doing so, "the court may consider all of the evidence before it at the time of judgment." See id.
 
 
 6
 At the plea hearing, Bottroff admitted that he removed postal funds from his till to pay a false refund submitted by another employee and that he thereby failed to account for funds as required. In addition, the district court had before it an information containing an allegation that Bottroff "knowingly and willfully fail[ed] to account for United States Postal Service funds." See id. This is a sufficient factual basis to state a violation of section 1711. See 18 U.S.C. § 1711 (1994); United States v. Morrison, 536 F.2d 286, 287, 289 (9th Cir.1976). Contrary to Bottroff's assertion, the government was not also required to prove that he intended to deprive the United States of its property or that he converted the postal funds to his own use. See 18 U.S.C. § 1711. Thus, we conclude that the district court complied with Rule 11(f). See Alber, 56 F.3d at 1110.
 
 
 7
 Second, Bottroff contends that his plea was involuntary because he was coerced into pleading guilty as part of a "package deal" plea agreement with one of his co-defendants. Although "package deal" plea agreements are not per se impermissible, the district court must carefully determine that the defendant's plea is voluntary. See United States v. Caro, 997 F.2d 657, 659-60 (9th Cir.1993).
 
 
 8
 At the plea hearing, the district court twice asked Bottroff whether anyone had threatened, mistreated, or pressured him in any way to force him to plead guilty, and whether his decision to plead guilty was voluntary. Bottroff stated that he had not been pressured and that his decision was voluntary. We conclude that the district court carefully examined the voluntariness of Bottroff's plea. See id. at 659. Although Bottroff declared, in support of his motion, that he "felt pressured" to plead guilty because of his concerns for his co-defendant, the court was entitled to credit his plea hearing testimony over this subsequent contrary declaration. See United States v. Castello, 724 F.2d 813, 815 (9th Cir.1984).
 
 
 9
 Third, Bottroff contends that he had a viable claim of innocence. We reject this claim because Bottroff's change of heart and unsupported claims of innocence are insufficient grounds for withdrawal of a guilty plea. See United States v. Turner, 898 F.2d 705, 713 (9th Cir.1990); United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). Moreover, Bottroff's solemn declarations of guilt at the plea hearing "carry a strong presumption of verity." See United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.1986).
 
 
 10
 Fourth, Bottroff contends that his lawyer misadvised him about the possibility of a probationary sentence. We reject this contention because a defense attorney's erroneous prediction "does not, in and of itself, justify withdrawing a plea." See United States v. Thornton, 23 F.3d 1532, 1533 (9th Cir.1994) (per curiam). Furthermore, Bottroff was advised of the maximum penalties he faced and that the district court was not bound by the parties' sentencing agreement. See id,; see also United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir.1991).
 
 
 11
 Finally, we reject Bottroff's contention that the district court erroneously determined that the government would be prejudiced were he allowed to withdraw his guilty plea and proceed to trial. Here, the district court did not abuse its discretion by denying Bottroff's motion to withdraw a guilty plea because the government's principal witness was no longer available. See United States v. Vasquez-Velasco, 471 F.2d 294, 294-95 (9th Cir.1973) (per curiam).
 
 II. Sentencing Enhancement
 
 12
 Bottroff contends that the district court erred by imposing a two-level increase in his offense level under U.S.S.G. § 3B1.3 for abusing a position of trust. Specifically, he contends that, as a window clerk, he "did not exercise 'professional or managerial discretion,' and the position of trust" did not significantly contribute to his commission of the crime. See U.S.S.G. § 3B1.3, comment. (n.1) (1995). This contention is meritless.
 
 
 13
 "We review de novo the district court's application of the abuse of trust enhancement." United States v. Cuff, 999 F.2d 1396, 1397 n. 1 (9th Cir.1993) (per curiam). Whether a person occupies a position of trust depends upon " 'the extent to which the position provides the freedom to commit a difficult-to-detect wrong.' " Id. at 1397 (quoting United States v. Hill, 915 F.2d 502, 506 (9th Cir.1990)). The court must consider the trustor's inability to objectively and expediently determine the trustee's honesty, and the ease with which the trustor can observe the trustee's activities. See United States v. Ferrin, 994 F.2d 658, 665 (9th Cir.1993).
 
 
 14
 That Bottroff was "not a very high-ranking employee" does not bar a finding that he occupied a position of trust. See id. Bottroff's position as a window clerk significantly facilitated his commission of the crime, because he had access to the necessary forms and money, and had knowledge of the required procedures. See U.S.S.G. § 3B1.3 & comment. (n.1). In addition, the postal service was unable to objectively and expediently determine Bottroff's honesty, because window clerks are subject to a supervisory accounting only once every few months. Accordingly, the district court did not err by determining that he occupied a position of trust and assessing the section 3B1.3 enhancement. See Hill, 915 F.2d at 506.
 
 
 15
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3