**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HUNG VIET MA,

Defendant-Appellant.

No. 00-1269

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### (D.C. No. 99-CR-375)

---

Submitted on the briefs:

Thomas L. Strickland, United States Attorney, Joseph Mackey, Assistant
U.S. Attorney, and James C. Murphy, Assistant U.S. Attorney, Denver, Colorado,
for Plaintiff-Appellee.

Jeffrey R. Edelman of Jeffrey R. Edelman, P.C., Parker, Colorado, for Defendant-
Appellant.

---

Before **PORFILIO** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

**ANDERSON** , Circuit Judge.

---

Defendant, formerly a window clerk for the United States Postal Service, was convicted of mail theft by a postal employee, 18 U.S.C. § 1709. He was sentenced to four months' imprisonment, followed by an additional four months of home detention using an electronic monitoring device, and supervised release. He appeals [1] only his sentence, arguing that the district court improperly adjusted his offense level by adding two levels for abusing a position of trust in accordance with United States Sentencing Guidelines (USSG) § 3B1.3, Application note 1, which describes abuse of a position of private or public trust or use of a special skill to facilitate the commission or concealment of an offense. The final paragraph of note 1 states:

> *[B]ecause of the special nature of the United States mail an adjustment for an abuse of a position of trust will apply to any employee of the U.S. Postal Service who engages in the theft or destruction of undelivered United States mail.*

The Supreme Court has stated that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993). We

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

have interpreted this to mean that "[d]istrict courts are obliged to follow the explanatory application notes unless they are plainly erroneous, inconsistent with the guidelines, or violative of the Constitution or a federal statute." United States v. Mojica , 214 F.3d 1169, 1171 (10th Cir. 2000).

Earlier commentary by the Sentencing Commission did not provide much guidance as to what constituted a position of trust, stating only that

> 1.   *The position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons.  This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller.*
>
> 2.   *"Special skill" refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing.  Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts.*
>
> *Background :  This adjustment applies to persons who abuse their positions of trust or their special skills to facilitate significantly the commission or concealment of a crime.  Such persons generally are viewed as more culpable.*

Historical Note :  Effective November 1, 1987, Amended effective November 4, 1990 ( see Appendix C, amendment 346).

The current commentary to § 3B1.3 is considerably more specific:

> 1.   *"Public or private trust" refers to a position of public or private trust characterized by professional or managerial discretion ( i.e., substantial discretionary judgment that is ordinarily given considerable deference).  Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily nondiscretionary in nature.  For this enhancement to*

-3-

*apply, the position of trust must have contributed in some significant way to facilitating the commission or concealment of the offense ( e.g. , by making the detection of the offense or the defendant's responsibility for the offense more difficult). This adjustment, for example, would apply in the case of an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination. This adjustment would not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk because such positions are not characterized by the above-described factors.*

*Notwithstanding the preceding paragraph, because of the special nature of the United States mail an adjustment for an abuse of a position of trust will apply to any employee of the U.S. Postal Service who engages in the theft or destruction of undelivered United States mail.*

2. *"Special skill" refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts.*

*Background : This adjustment applies to persons who abuse their positions of trust or their special skills to facilitate significantly the commission or concealment of a crime. Such persons generally are viewed as more culpable.*

Historical Note : Effective November 1, 1987, Amended effective November 1, 1990 ( see Appendix C, amendment 346); November 1, 1993 (see Appendix C, amendment 492).

In general, the issue of whether a defendant occupied a position of trust under USSG § 3B1.3 is a factual matter, reviewable for clear error. See United States v. Burridge , 191 F.3d 1297, 1305 (10th Cir. 1999). To support an enhancement, the court must find that defendant possessed a skill or position of

trust and that defendant used that skill or abused that position to significantly facilitate the commission or concealment of the offense.    See United States v. Burt, 134 F.3d 997, 998-99 (10th Cir. 1998).  Here, there is no question that defendant was a postal employee and that he was convicted of theft of undelivered United States mail while working in that position.

However, we review questions of law concerning application of the sentencing guidelines de novo.    United States v. Keeling  , 235 F.3d 533, 535 (10th Cir. 2000).  Based on the clear language of the application note, this enhancement provision applied to defendant.

Although we have not considered this enhancement provision in the context of a postal employee, a number of courts have done so.     See, e.g. , United States v. Melendez , 41 F.3d 797, 799 (2d Cir. 1994) (applying two-level adjustment under § 3B1.3 to postal worker with greater degree of trust than ordinary workers under pre-1993 application notes);    United States v. Lamb  , 6 F.3d 415, 421 (7th Cir. 1993) (holding postal letter carrier had access to valuable mail and because defendant's access was direct result of position, he occupied position of trust); United States v. Milligan   , 958 F.2d 345, 347 (11th Cir. 1992) (applying § 3B1.3 to postal window clerk and rejecting argument that position was no different than ordinary bank clerk);   United States v. Ajiboye   , 961 F.2d 892, 894-95 (9th Cir. 1992) (applying § 3B1.3 to enhance sentence of postal mail carrier convicted of

theft of mail and possession of stolen mail); United States v. Lange, 918 F.2d 707, 710 (8th Cir. 1990) (holding district court erred by not adding § 3B1.3 enhancement for abuse of position of trust to postal worker convicted under 18 U.S.C. § 1709); see also United States v. Smaw, 22 F.3d 330 332-33 (D.C. Cir. 1994) (noting Commission's use of "special nature" of United States mail and specific application of § 3B1.3 to any postal service employee); United States v. Brown, 7 F.3d 1155, 1162 n.5 (5th Cir. 1993) (noting 1993 amendment to § 3B1.3 commentary added language applying abuse of trust enhancement "to *any employee* of U.S. Postal Service"); United States v. Brelsford, 982 F.2d 269, 271-72 (8th Cir. 1992) (noting difference between postal employees and ordinary bank tellers; holding uniqueness of job not relevant in determining position of trust, but rather whether trust is inbred to nature of position). We disagree with the views expressed in United States v. Cuff, 999 F.2d 1396, 1397 (9th Cir. 1993) (per curiam) (distinguishing Ajiboye and reversing application of § 3B1.3 to postal employee convicted of mail theft in violation of 18 U.S.C. § 1709, specifically "fail[ing] to see any significant distinction between the bank teller who embezzles funds and Cuff, who stole mail packages while employed in unloading them and moving them into the workroom") and United States v. Tribble, 206 F.3d 634, 636-37 (6th Cir. 2000) (disagreeing with other courts'

holdings that postal window clerks occupy position of trust and reversing

sentence enhancement under § 3B1.3 based on misappropriation of postal funds).

We hold that the district court did not err in applying the sentence

enhancement provision of USSG § 3B1.3 to defendant.

**AFFIRMED** .