**UNITED STATES of America,
Appellee,**

v.

**Joseph GRILLO, Defendant–Appellant.**

No. 04–0071.

United States Court of Appeals,
Second Circuit.

Oct. 8, 2004.

Benjamin Gruenstein, Assistant United States Attorney (Gary Stein, Assistant United States Attorney), for David N. Kelley, United States Attorney for the South-

ern District of New York, for Appellee, of counsel.

Peter Albert McKay (Sean Wright, on the brief), New York, N.Y., for Defendant–Appellant.

Present: NEWMAN, MINER, and KATZMANN, Circuit Judges.

## CORRECTED SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Defendant Joseph Grillo appeals his sentence, challenging a two-level enhancement for abuse of trust, see U.S.S.G. § 3B1.3, and the district court's refusal to depart downward on the basis of the defendant's diminished capacity, see id. § 5K2.13. For the following reasons, we affirm the district court's application of the enhancement and dismiss that portion of Grillo's appeal that challenges the district court's refusal to depart.

■ We agree with the district court that Grillo occupied a "position of public . . . trust" within the meaning of U.S.S.G. § 3B1.3, and we see no error in its conclusion that Grillo abused that position when he stole credit cards destined for the dead letter office. See United States v. Santoro, 302 F.3d 76, 80 (2d Cir.2002); United States v. Wright, 160 F.3d 905, 910–11 (2d Cir.1998). The relevant application note provides that "because of the special nature of the United States mail[,] an adjustment for an abuse of a position of trust will apply to any employee of the U.S. Postal Service who engages in the theft or destruction of undelivered United States mail." U.S.S.G. § 3B1.3 cmt. n. 1 (Nov. 1, 2003). In 1993, the Sentencing Commission added this provision explicitly covering all postal workers, resolving a dispute

among the courts over the sort of employees that had sufficient responsibilities to qualify for the enhancement. See U.S.S.G. app. C, amend. 492; United States v. Hung Viet Ma, 240 F.3d 895, 898 (10th Cir.2001) (collecting cases). In that spirit of broad application, we reject the defendant's attempt to distinguish "undeliverable United States mail" from "undelivered United States mail." The former is a subset of the latter. As defined elsewhere in the Guidelines, "[u]ndelivered United States mail" is "mail that has not actually been received by the addressee or his agent," U.S.S.G. § 2B1.1 cmt. n. 4(B)(iii), which includes the stolen credit cards at issue here. That they were destined for destruction, and would never be delivered, does not change the fact they were "undelivered" at the time Grillo committed his crimes.

■ As the district court refused to depart downward in an exercise of its discretion, we will not review that decision. See United States v. Mitchell, 358 F.3d 216, 218–19 (2d Cir.2004) (per curiam) (dismissing appeal for lack of appellate jurisdiction); see also United States v. Campo, 140 F.3d 415, 419 (2d Cir.1998) (per curiam); United States v. Ekhator, 17 F.3d 53, 55 (2d Cir.1994). Although the district court, both from the bench and in a subsequent written decision, questioned whether, as a matter of law, Grillo's addiction was a permissible ground for departure, the district court made clear in both decisions that even if that were a permissible ground, the court would decline to depart downward "in the exercise of discretion." Tr. at 9 (Dec. 22, 2003); see also United States v. Grillo, No. 03 Crim. 0249(LAK), 2003 WL 22999219, at *2, 2003 U.S. Dist. LEXIS 22910, at *6 (S.D.N.Y. Dec. 22, 2003) ("Even if section 5K2.13 permits a downward departure where compulsive gambling creates the motive for the of-

fense behavior, this Court would deny such a departure in this case as a matter of discretion."). This is not a case where the district court indicated it would not even consider the application for a departure in the absence of a substantive recommendation by the government, *see, e.g., Campo,* 140 F.3d at 418–19, nor one where the district court indicated that it was not going to give § 5K2.13 "any credence in ... sentencing," *United States v. Ventrilla,* 233 F.3d 166, 168–69 (2d Cir.2000) (per curiam) (internal quotation marks omitted). Instead, although the district court indicated a categorical view that gambling addictions do not mitigate fraud, it held, in the alternative, that it would not exercise its discretion to depart in this case, and we have repeatedly held that "a court's failure to state its reasons for refusing to downwardly depart, or for refusing to downwardly depart more extensively than it did, is not appealable." *Campo,* 140 F.3d at 419.

Accordingly, we **DISMISS** that portion of Grillo's appeal that challenges the district court's refusal to depart, and we otherwise **AFFIRM** the judgment of the district court. However, the mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (mem.), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.). *See United States v. Mincey,* 380 F.3d 102, 105–06 (2d Cir.2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its decision that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*