United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 06-11239

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AWUNOR JACKSON IKECHUKWU,

Defendant - Appellant.

Appeal from the United States District Court
For the Northern District of Texas
3:06-CR-149

Before HIGGINBOTHAM, BARKSDALE and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

The defendant, Awunor Ikechukwu, pled guilty to possession of stolen mail in violation of

18 U.S.C. § 1708. In April 2006, the defendant was working for Telesis Courier Service. Part of

his job was to pick-up a pouch of misaddressed or misdirected mail pieces from a PNC Bank lockbox

operation and take those mail pieces to the post office. After complaints about stolen and

counterfeited checks, the Postal Inspection Service investigated PNC Bank's lockbox operation. On

the date of the defendant's arrest, the investigators sprayed the mail at PNC Bank with an invisible substance visible only under black light. After the defendant delivered the pouch of PNC Bank mail to the post office, the investigators found that 15 pieces of mail were missing and stopped the defendant. A search of the defendant's vehicle revealed 19 checks with different payees, totaling $456,000, and the defendant's hands illuminated under the black light, establishing that he had handled the mail inside the pouch. The defendant consented to an interview and admitted to stealing the mail out of the pouch and keeping the checks in his vehicle. The investigators further found that the defendant had counterfeited checks totaling $1,361,670, which were never used, and had used three checks to fraudulently draw $303,805. Therefore, the total intended loss attributed to the defendant was $2,121,475.

In calculating the defendant's total offense level, the district court applied a two-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.3 (2005). This enhancement applies "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." *Id.* The district court did not apply the enhancement based on Application Note 1, which defines "a position of public or private trust" as a position "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)." *Id.* at comment. (n.1).[1] Rather the district court applied the enhancement based on Application Note 2(A), which states, "Notwithstanding Application Note 1, or any other provision of this guideline, an adjustment

_____

[1] An addendum to the presentence investigation report, which the district court adopted, specifically states, "[The defendant's] position as a courier did not entail professional or managerial discretion. . . ." The government did not challenge this finding before the district court and it does not challenge it here.

under this guideline shall apply to . . . [a]n employee of the United States Postal Service who engages in the theft or destruction of undelivered United States mail." *Id.* at comment. (n.2(A)).

The defendant challenges this enhancement arguing that although he engaged in the theft of undelivered United States mail, he was not an employee of the United States Postal Service, so this enhancement cannot be applied to him. It is undisputed that the defendant was not an employee of the United States Postal Service. Despite recognizing this fact, the district court still applied the enhancement, finding, "[The defendant] was in the shoes of a postal employee. He was handling mail. He was doing what a postal employee does." The district court went on to say, "[T]he Guidelines have specifically carved out an exception for postal employees, and that is to deter individuals that handle mail from destroying or stealing mail. That is the purpose of that enhancement."

"The district court's application of the Guidelines, even after *Booker*, is reviewed *de novo*. This Court accepts findings of fact made in connection with sentencing unless clearly erroneous." *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006) (internal citations and footnotes omitted). "We regard the Guidelines commentary as authoritative, and when interpreting it, we apply the plain, ordinary and commonly understood meaning of the words." *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 312 (5th Cir. 2007) (footnotes omitted).

We agree with the defendant that U.S.S.G. § 3B1.3 Application Note 2(A), by its terms, applies only to "employee[s] of the United States Postal Service" and therefore should not have been applied to the defendant. Although he was a courier who regularly transported pieces of United States mail, the defendant was not an employee of the United States Postal Service. Had the Sentencing Commission intended this Application Note to reach all individuals who professionally handle United States mail, such as couriers or mail room employees, it could have said so. *See*

-3-

*United States v. Smaw*, 22 F.3d 330, 332-33 (D.C. Cir. 1994) ("The Commission in the second paragraph did not say 'positions comparable to an employee of the U.S. Postal Service.'"). Instead, the Sentencing Commission limited the reach of this Application Note based on the defendant's employment status. Thus, this Application Note can only be applied to "employee[s] of the United States Postal Service."[2]

We further note that the purpose of this enhancement is to deter individuals in a position of trust from abusing that position to commit a crime, and the purpose of Application Note 2(A) is to clarify that all employees of the United States Postal Service are, by the nature of their employment status, in a *per se* position of trust as related to the theft or destruction of undelivered United States mail. A courier, such as the defendant, is not, by the nature of his employment status, in a *per se* position of trust as related to the theft or destruction of undelivered United States mail. Thus, to apply U.S.S.G. § 3B1.3 to a non-Postal Service employee convicted of the theft or destruction of undelivered United States mail, a district court must undertake the normal "sophisticated factual determination," *United States v. Deville*, 278 F.3d 500, 508 (5th Cir. 2002), needed to establish that § 3B1.3 applies.

The sentence is VACATED and the case is REMANDED for resentencing.

---

[2] Although not clearly articulated, there is some language from the sentencing transcripts indicating that the district court may have thought the defendant was a contract employee of U.S. Postal Service. But there is no evidence in the record supporting such a finding and the government does not argue on appeal, nor did it argue before the district court, that the defendant was a contract employee of the U.S. Postal Service. Therefore, we need not reach the question of whether a contract employee of the U.S. Postal Service can be subjected to U.S.S.G. § 3B1.3 Application Note 2(A).