**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon Angel CARO, Defendant–**
**Appellant.**

**No. 89–50311.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 1992.*

Opinion Decided May 19, 1993.

Opinion Withdrawn July 1, 1993.

Decided July 1, 1993.

34(a); 9th Cir.R. 34–4.

Benjamin Jones, Jr., and Robert L. Brosio, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellee United States of America.

Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.

## ORDER

The opinion, filed on May 19, 1993, is withdrawn, and the attached opinion is filed in its place.

## OPINION

KOZINSKI, Circuit Judge:

In multiple-defendant cases, the government sometimes negotiates a "package deal" plea agreement, under which each defendant must agree to the deal before any will be allowed to partake of it. We consider whether such a plea is valid where the district court does not make its voluntariness inquiry with regard to the package nature of the bargain.

### Facts

Appellant Ramon Angel Caro pled not guilty to conspiracy to distribute cocaine, 21 U.S.C. § 846, and possession of cocaine with intent to distribute, 21 U.S.C. § 841. At a change of plea hearing, the government filed a First Superseding Information, which charged Caro only with possession with intent to distribute. PSR at 2. Caro pled guilty to that count and, after the customary colloquy, the district court accepted the plea.

But this wasn't a run-of-the-mill plea bargain. Caro pled along with three other defendants pursuant to a "package deal" plea agreement. Under such agreements, several confederates plead together and the government gives them a volume discount—a better deal than each could have gotten separately. Consistent with the package nature of the agreement, defendants' fates are often bound together: If one defendant backs out, the deal's off for everybody.[1] This may well

Mary F. Gibbons, North Hollywood, CA, for defendant-appellant Ramon Angel Caro.

---

1. The agreement in this case read:

The government's obligation to abide by the terms of this plea agreement is expressly con-

place additional pressure on each of the participants to go along with the deal despite misgivings they might have.

Caro, in fact, expressed such doubts a few weeks after pleading (but before sentencing). Claiming his codefendants had pressured him into going along with the deal, he asked the district court to set aside his guilty plea pursuant to Fed.R.Crim.Proc. 32(d). The district court refused, and Caro appeals.

## Discussion

■■■ A. Central to the operation of the Rule 11 hearing is disclosure of the plea agreement to the district judge. "If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court...." Fed.R.Crim.P. 11(e)(2). In describing the agreement the prosecutor said:

> Your honor, the government has entered into a plea agreement with each of the defendants in this case.... [T]he government's obligations under the plea agreement are conditioned on the performance of *each* of the defendants of their obligations under the agreement.

RT 4/3/89 at 8 (emphasis added). By using the word "each" instead of "every" or "all," or the phrase "each of the defendants" instead of "the defendants as a group," the prosecutor apparently failed to alert the district judge to the fact the agreement was a package deal.

The district court accepted Caro's assurance that the guilty plea was voluntary and entered it accordingly. Several weeks later, but before sentencing, Caro filed a motion pursuant to Fed.R.Crim.Proc. 32(d) to withdraw his guilty plea, alleging his codefendants had pressured him to agree. Refusing to investigate the basis of Caro's claim that he was pressured to accept the deal, the

district judge said: "This is late. It just sounds like a second look at something that has already been done after the plea of guilty and I don't think there was any problem in terms of that with reference to the plea bargain." RT 6/12/89 at 4.

But there was a problem. Because of the prosecutor's ambiguous description of the agreement, we have no reason to believe the district court knew Caro had entered a package deal. *See, e.g., United States v. Daniels,* 821 F.2d 76, 80 (1st Cir.1987).[2] As a result, the court made no inquiry into whether the codefendants pressured Caro to go along.

■■■ Though package deal plea agreements are not per se impermissible, they pose an additional risk of coercion not present when the defendant is dealing with the government alone. *See United States v. Wheat,* 813 F.2d 1399, 1405 (9th Cir.1987), *aff'd,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); *United States v. Castello,* 724 F.2d 813, 814–15 (9th Cir.), *cert. denied,* 467 U.S. 1254, 104 S.Ct. 3540, 82 L.Ed.2d 844 (1984). Quite possibly, one defendant will be happier with the package deal than his codefendant(s); looking out for his own best interests, the lucky one may try to force his codefendant(s) into going along with the deal. The Supreme Court has therefore observed that tying defendants' plea decisions together "might pose a greater danger of inducing a false guilty plea by skewing the assessment of the risks a defendant must consider." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 n. 8, 98 S.Ct. 663, 668 n. 8, 54 L.Ed.2d 604 (1978) (dictum). We, in turn, have recognized that "the trial court should make a more careful examination of the voluntariness of a plea when [it might have been] induced by ... threats or promises" from a third party. *Castello,* 724 F.2d at 815. We make it clear today that, in describ-

---

ditioned upon each defendant's performance of the agreement as to him or her. If any defendant fails to abide by the terms of the plea agreement, or fails to make a factual basis for his or her guilty plea as required by this agreement, then the agreement is void as to all defendants.

ER at 31.

**2.** We commend government counsel for his candor in conceding that the package nature of the

deal was not made clear to the district judge. While a contrary argument would not have been improper, conceding this issue was by far the wiser course. Busy district judges depend on counsel to raise issues that require special attention; this duty falls with particular weight on prosecutors who have a responsibility not merely to win, but to win fairly.

ing a plea agreement under Rule 11(e)(2), the prosecutor must alert the district court to the fact that codefendants are entering a package deal.

█ Because the district court was not aware of the package nature of the deal, its voluntariness inquiry was not the "more careful examination" of voluntariness our precedents require when a plea bargain is conditioned on the cooperation of more than one defendant. *Castello,* 724 F.2d at 815. The government contends that its error in describing the plea was harmless. "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.Proc. 11(h). Whether the plea is voluntary and intelligent is the touchstone for determining whether substantial rights have been violated in the acceptance of a guilty plea. *Carter v. McCarthy,* 806 F.2d 1373, 1375 (9th Cir. 1986), *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

█ Here, the failure to investigate whether codefendants pressured Caro into signing on to the agreement could well have affected his decision to enter the plea. Voluntariness is therefore called into question, and we cannot say the error was harmless. We remand to the district court for a "full hearing on [Caro's] motion to withdraw the plea." *Castello,* 724 F.2d at 815. Specifically, the court shall find whether Caro entered his plea because of threats or pressures from his codefendants. If the district court finds Caro's assertions of codefendant pressure baseless, the error at the Rule 11 stage will be rendered harmless. *See id.*

Accordingly, we **VACATE** the district court's order denying Caro's Rule 32(d) motion and **REMAND** for further proceedings consistent with this opinion.