24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kelly HAMILTON, Petitioner-Appellant,
v.
Samuel LEWIS, Director, Respondent-Appellee.
 No. 93-16973.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 Kelly Hamilton, an Arizona state prisoner, appeals pro se the district court's summary judgment dismissing his second 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction following a guilty plea to first-degree murder. Hamilton contends the district court abused its discretion by determining that one of his claims could have been raised in his first petition, and that the ends of justice did not require consideration of two successive claims. Hamilton further argues that his contingent plea was made invalid by the setting aside of his brother's plea agreement. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 * Background
 
 
 3
 On December 14, 1984, Hamilton filed a federal habeas petition raising the following issues: (1) he was coerced into making incriminating statements; (2) he was coerced by police detectives into signing the plea agreement; (3) he was not informed of his Miranda rights in a timely fashion; (4) insufficient evidence supported his conviction; and (5) his trial counsel rendered ineffective assistance of counsel. After determining that Hamilton had properly exhausted these claims, the district court dismissed the petition without an evidentiary hearing. Hamilton did not appeal the denial of the petition.
 
 
 4
 On September 22, 1992, Hamilton filed a second federal habeas petition which raised the following claims: (1) his guilty plea was involuntary because it was contingent upon his brother's acceptance of a plea agreement; (2) the trial court improperly admitted statements by Hamilton which had been obtained through coercion and before advisement of Miranda rights; (3) the trial court did not establish a factual basis for the plea; and (4) because his brother's plea was later vacated, Hamilton should have been permitted to withdraw from his plea agreement.
 
 
 5
 Arguing that these claims were successive and abusive, the state moved for summary judgment in the district court. The district court found that the first claim was an abuse of writ because Hamilton did not raise it in his first federal habeas petition and had not shown good cause for his failure to do so. The district court found that the second and third claims were successive because they had been addressed on their merits in the first habeas proceeding. The district court also determined that the ends of justice would not be served by addressing these three claims on their merits. Finally, the district court rejected the fourth claim on the merits. Accordingly, the district court granted the state's motion for summary judgment and dismissed the petition.
 
 II
 Abusive and Successive Claims
 
 6
 We review for abuse of discretion the district court's denial of a habeas petition on the ground that is was abusive or successive. Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994). "A court abuses its discretion when it bases its decision on an erroneous legal conclusion or on a clearly erroneous finding of fact." Id.
 
 
 7
 A district court may not reach the merits of (1) new claims which could have been but were not raised in an earlier petition, and (2) successive claims which have already been heard and decided on the merits in a previous petition. Id. at 517. To be entitled to review of an abusive or successive claim, the petitioner must demonstrate cause and prejudice, or establish that denial of review would result in a miscarriage of justice. Clark v. Lewis, 1 F.3d 814, 819-20 (9th Cir.1993). An evidentiary hearing to allow the petitioner to show cause and prejudice is not necessary if the district court determines that the petitioner cannot satisfy the standard as a matter of law. Id. at 820.
 
 
 8
 Here, Hamilton contends the legal basis for his first claim, that his plea was involuntary because it was contingent on his brother's plea agreement, was not reasonably available at the time of his first petition and therefore he has shown cause sufficient to warrant review of the abusive claim.[1] Even assuming that the legal basis regarding contingent plea agreements did not exist at the time of his first petition, Hamilton cannot show prejudice. In considering his state habeas petition, the state trial court held an evidentiary hearing and found that the circumstances of the contingent plea arrangement were sufficient to constitute a voluntary "package deal" plea agreement. See State v. Solano, 150 Ariz. 398, 402 (1986) (en banc) (explaining factors relevant to determining whether contingent plea agrement is voluntary). Because such plea agreements are constitutionally permissible, see United States v. Caro, 997 F.2d 657, 659-60 (9th Cir.1993), and, in the instant case, the coloquy was sufficient, Hamilton has not shown prejudice. Accordingly, the district court properly did not consider this abusive claim.
 
 
 9
 Hamilton concedes that he cannot show cause and prejudice to justify review of his second and third claims. He argues instead that the ends of justice require that he be given an opportunity to present evidence to show that his statements and confession were coerced by police detectives. Hamilton, however, does not make a colorable showing or even allege that he is actually innocent of the crime to which he confessed and pleaded guilty. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (prisoner seeking review of sucessive claim must supplement constitutional claim with a colorable showing of actual innocence). Further, the record indicates that apart from his confession to police detectives, Hamilton admitted his guilt and explained the circumstances of his offense to his probation officer. Accordingly, the district court properly did not review these successive claims.
 
 II
 Merits of Fourth Claim
 
 10
 Hamilton contends he should be permitted to withdraw his plea agreement because it was part of a "package deal" plea arrangement and his brother's plea agreement was subsequently vacated.
 
 
 11
 We review for clear error the district court's findings of fact in denying a habeas petition. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). As long as the sentencing court is aware that co-defendants are entering into a "package deal" arrangement and conducts a more careful examination of the voluntariness of the pleas, contingent plea agreements are permissible. Caro, 997 F.2d at 659-60. What parties intended by the terms in a plea agreement is a question of fact to be determined by objective standards. United States v. Sharp, 941 F.2d 811, 816 (9th Cir.1991). In interpreting the terms of a plea agreement, we "look to what was reasonably understood by the defendant when he entered his plea." United States v. Fernandez, 960 F.2d 771, 772 (9th Cir.1991).
 
 
 12
 Hamilton's plea agreement stated that the "[o]ffer is withdrawn if Willie Hamilton rejects his plea offer." Willie Hamilton did enter into a plea agreement admitting second degree murder, armed robbery, and kidnapping, but the convictions were set aside due to ineffective assistance of counsel. Willie later entered into a second plea agreement in which the kidnapping charge was dropped. The district court found that the condition in Hamilton's plea agreement was met when Willie accepted the first plea agreement and determined that the subsequent overturning of Willie's conviction had no effect on Hamilton's plea agreement. We agree and hold that the district court did not clearly err by finding that the terms of Hamilton's plea agreement had been fulfilled.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After Hamilton filed his first petition, an Arizona Court of Appeals held that contingent or "package deal" plea agreements were against public policy. See State v. Solano, 150 Ariz. 423 (App.1985). The Arizona Supreme Court subsequently vacated that decision and held that contingent plea agreements were valid so long as the trial court carefully reviewed the totality of circumstances surrounding the plea before accepting it. See State v. Solano, 150 Ariz. 398 (1986) (en banc). This circuit has also held that contingent plea agreements are not per se impermissible. See, e.g., United States v. Caro, 997 F.2d 657 (9th Cir.1993)