26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel LUGO-HERNANDEZ, Defendant-Appellant.
 No. 93-50329.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 1, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Lugo-Hernandez appeals following entry of his guilty plea to aiding and abetting the possession with intent to distribute two kilograms of cocaine and carrying a firearm in violation of 18 U.S.C. Secs. 2, 924(c)(1) and 21 U.S.C. Sec. 841(a)(1). Lugo-Hernandez's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which listed the following issues for review: (1) whether the waiver of his right to appeal in his plea agreement precluded review of sentencing issues; (2) whether that waiver was voluntary; (3) whether he received ineffective assistance of counsel; (4) whether his guilty plea was involuntary; and (5) whether the district court's inquiry into the voluntariness of the plea was adequate under Fed.R.Crim.P. 11 and United States v. Caro, 997 F.2d 657 (9th Cir.1993). Lugo-Hernandez did not file a supplemental pro se brief, but in a letter to the district court he stated that he desired to appeal because he had understood that his attorney had made a deal for a 40-month sentence and he wanted a reduced sentence because he played a minor role in the offense and voluntarily turned his gun over to the arresting officer. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Lugo-Hernandez's written plea agreement contained a waiver of the right to appeal "any sentence ... if the Court follows the recommendation of the Government." The district court followed the government's recommendation by imposing a 46-month term on the cocaine charge--which included a departure from the five-year mandatory minimum--and the mandatory consecutive 60-month term on the gun charge, for a total of 106 months.
 
 
 4
 The record does not support Lugo-Hernandez's claim that his waiver of the right to appeal was involuntary. The district court conducted a thorough Rule 11 hearing. The district court advised Lugo-Hernandez several times that the plea agreement provided for a waiver of any appeal and Lugo-Hernandez stated that he understood that provision. See United States v. Desantiago-Martinez, 980 F.2d 582 (9th Cir.1992) (finding waiver of right to appeal voluntary even though district court did not advise defendant of the waiver). Accordingly, we enforce the waiver of the right to appeal the sentence and do not consider Lugo-Hernandez's request for a lower sentence based on his cooperation in turning over the gun and his role in the offense. See United States v. Torres, 999 F.2d 376, 378 (9th Cir.1993) (declining to consider sentencing arguments after determining that the waiver of appeal was enforceable).
 
 
 5
 Lugo-Hernandez's assertion that he expected to receive a 40-month sentence may be construed as a claim that the government breached its plea agreement or that he received ineffective assistance of counsel because he would not have entered a guilty plea had he known the sentence would exceed 40 months. The record does not support either claim.
 
 
 6
 Here, the plea agreement did not promise a specific term of imprisonment. The agreement provided that "any estimate of the probable sentencing range that [Lugo-Hernandez] may have received from his counsel or the Government is a prediction, not a promise, and is not binding on the Court" and the district court orally reviewed that aspect of the plea agreement with Lugo-Hernandez. In addition, we note that the government recommended a two-level downward adjustment for Lugo-Hernandez's role in the offense, even though the plea agreement did not require the government to do so. Therefore, we conclude that the record reveals no breach of the plea agreement. See id. (finding that government had not breached plea agreement).
 
 
 7
 Alternatively, Lugo-Hernandez's assertion might be construed as an ineffective assistance of counsel claim.[1] Any such claim fails because even if counsel misinformed Lugo-Hernandez about the sentence, the district court informed Lugo-Hernandez of the maximum sentence and the applicable mandatory minimum terms before accepting the plea. See United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.1986) (ineffective assistance claim failed because even if attorney misinformed defendant regarding consecutive versus concurrent aspect of sentence, the district court adequately informed the defendant of the maximum possible penalty), cert. denied, 484 U.S. 832 (1987); see also United States v. Turner, 881 F.2d 684 (9th Cir.) (when attorney incorrectly calculates the sentence, the guilty plea is not rendered involuntary if the defendant was advised of the maximum penalty and the sentence imposed does not exceed that maximum penalty), cert. denied, 493 U.S. 871 (1989). In addition, after entering his plea, Lugo-Hernandez changed attorneys. The new attorney successfully re-negotiated the plea agreement to include a provision for a substantial assistance departure. That provision allowed the district court to impose the 46-month term on the cocaine charge despite the five-year mandatory minimum.
 
 
 8
 Another possible issue for review is whether Lugo-Hernandez's guilty plea was involuntary, particularly in light of the package deal plea agreement with his co-defendant.[2] Because a package deal plea agreement poses an additional risk of coercion, the district court is required to make a more careful examination of the voluntariness of the plea. Caro, 997 F.2d at 659.
 
 
 9
 Here, the district court was aware that Lugo-Hernandez was a party to a package deal. Cf. id. (reversing in part because prosecutor did not inform district court of the package deal). The district court conducted a complete Rule 11 inquiry, during which Lugo-Hernandez answered "no" to the following questions: "Is your plea of guilty the result of any threats against you? ... Or members of your family? ... Or of promises other than from a plea agreement?" and "Are you pleading guilty because in truth and in fact you are guilty and for no other reason?" Even assuming that the district court should have inquired specifically into possible coercion from the co-defendant, we conclude that any error was harmless. After Lugo-Hernandez's new attorney re-negotiated the plea agreement, the district court conducted a second hearing without the co-defendant and Lugo-Hernandez confirmed the entry of his guilty plea. See United States v. Castello, 724 F.2d 813, 814 (9th Cir.) (district court conducted a particularly searching inquiry and made every effort to assure that the package deal plea was voluntary), cert. denied, 467 U.S. 1254 (1984); cf. Caro, 997 F.2d at 660 (district court's failure to investigate whether co-defendants pressured defendant's decision to plead guilty was not harmless because voluntariness of plea called into question by defendant's motion to withdraw plea). Similarly, we conclude that the guilty plea itself was voluntary and that the district court complied with Rule 11.
 
 
 10
 We conducted an independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), and discovered no other issues for review. The motion of counsel to withdraw is GRANTED and the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This claim is not necessarily precluded by the waiver of the right to appeal. See United States v. Arbara, 985 F.2d 1012, 1024 (9th Cir.) (waiver of appeal does not categorically foreclose a claim of ineffective assistance of counsel), cert. denied, 113 S.Ct. 2980 (1993)
 In the Anders brief, counsel indicates that a possible appellate issue is whether Lugo-Hernandez received ineffective assistance. Because the brief does not specify in what respect counsel may have been ineffective, we cannot review the claim further. Also, we usually resolve ineffective assistance of counsel claims in collateral proceedings. See United States v. Bosch, 951 F.2d 1546, 1549 (9th Cir.1991), cert. denied, 112 S.Ct. 2975 (1992). We express no opinion whether the provision in the plea agreement in which Lugo-Hernandez waived "his right to pursue any post-conviction proceedings, including, but not limited to, that provided in Title 28, United States Code, Section 2255" is enforceable as it relates to his constitutional right to the assistance of counsel. See Abaraca, 985 F.2d at 1024.
 
 
 [2]
 Despite a provision in a negotiated plea agreement waiving the right to appeal, we will consider on appeal whether the waiver of the right to appeal was involuntary, e.g., Desantiago-Martinez, 980 F.2d 582, or whether the district court violated Fed.R.Crim.P. 11, e.g., Torres, 999 F.2d at 378. We have not determined whether the waiver bars our consideration of the related claim that the guilty plea itself was involuntary. We need not decide that issue today, however, because the claim has no merit