45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Narinder Pal Singh MAHAL, Defendant-Appellant.
 No. 94-10137.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1994.
Decided Dec. 16, 1994.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Mahal appeals from his conviction following his guilty plea to bribing a public official in violation of 18 U.S.C. Sec. 201(b)(1)(C). Mahal argues that the district court failed to comply with Federal Rule of Criminal Procedure 11(e)(2) and erroneously denied his motions to withdraw his guilty plea as involuntary because his counsel was ineffective. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 We review a district court's compliance with Rule 11 de novo. Because the issue is purely legal and the facts are fully developed, we may decide the question even if not raised in the district court. United States v. Andrade-Larrios, Nos. 92-50018 and 92-50160, slip op. 13511, 13515 (9th Cir. Nov. 4, 1994).
 
 
 3
 Rule 11(e)(2) provides that "[i]f a plea agreement has been reached ... the court shall, on the record, require the disclosure of the agreement in open court...." At a hearing on August 2, 1993, in open court, Mahal changed his plea to guilty, and Judge Whyte disclosed, in open court, that an agreement had been reached by Mahal and the government whereby Mahal would plead guilty to count four of the indictment, bribery of a public official (18 U.S.C. Sec. 201(b)(1)(C)). Judge Whyte then asked Mahal a series of questions that reflected Mahal's education (two years of college), his willingness to enter into the agreement, his understanding of the agreement, and his affirmation that he both read the agreement and discussed the agreement with his attorney. All of these statements were made by Mahal under oath. The district judge effectively disclosed the agreement in open court as provided by Rule 11(e)(2). See United States v. Caro, 997 F.2d 657, 659 (9th Cir.1993).
 
 
 4
 Mahal next contends that his motions to withdraw his guilty plea should have been granted. We review a denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Hoyos, 892 F.2d 1387, 1399 (9th Cir.1989) (Hoyos), cert. denied, 498 U.S. 825 (1990). Whether a guilty plea is voluntary is reviewed de novo, United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993), as is whether Mahal was denied effective counsel, id. at 370.
 
 
 5
 The district court can allow a defendant to withdraw a guilty plea for any "fair and just reason." Fed.R.Crim.P. 32(d); United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). A guilty plea "which is coerced or induced by illicit promises is involuntary and void." Id. at 711. Mahal argues that his guilty plea was involuntary because his counsel was ineffective and failed to explain properly the terms of the agreement. However, to succeed on this claim, Mahal must show deficient performance and that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In evaluating the claim, the district judge is "entitled to credit [Mahal's] testimony at the time he entered the plea and to disbelieve the allegations in the affidavit in support of the motion to withdraw the guilty plea." Hoyos, 892 F.2d at 1400.
 
 
 6
 It is clear from the record that Mahal's testimony during the taking of his plea, in open court, establishes that he made the plea voluntarily. The fact that his lawyer may have erroneously informed him of the sentence he might receive is of no moment when, as here, the district court independently informed Mahal of the maximum possible sentence and fines for the offenses which he pleaded guilty, where Mahal responded affirmatively when asked if he was satisfied with counsel, and when he was told by the court that the sentencing judge would not be bound by any sentence recommendation made by the government. See Gonzales v. United States, Nos. 92-36820 and 92-36821, slip op. 9115, 9125 (9th Cir. Aug. 11, 1994); United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990). Our independent reading of the plea agreement discloses no improper promises by the government. The agreement is also clear as to what Mahal and the government will do. Mahal stated under oath that there were no promises by anybody to get him to enter the plea other than what is in the plea agreement. His subsequent affidavit is diametrically opposed. Because the crediting of Mahal's testimony in open court during the plea agreement was not an abuse of discretion, and establishes that Mahal voluntarily pleaded guilty, the district judge did not err by denying Mahal's motion to withdraw his guilty plea.
 
 
 7
 AFFIRMED.