52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jason Eugene BEST, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl Everett WARD, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rick MARTINEZ, Defendant-Appellant.
 Nos. 94-30172, 94-30175, 94-30176.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1995.*
Decided April 13, 1995.
 
 IN PART, REVERSED IN PART, REMANDED.
 Before: WRIGHT, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Best, Ward and Martinez pleaded guilty to conspiracy to manufacture, to possess with intent to distribute, and to distribute marijuana. Before sentencing, the court denied their motions to withdraw their guilty pleas. Best, Ward and Martinez appeal the denials of their motions. Ward and Martinez appeal their sentences. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, reverse in part and remand for resentencing of Ward.
 
 
 3
 * The court did not abuse its discretion by denying their motions to withdraw their guilty pleas. Under Fed.R.Crim.P. 32(d), before a sentence is imposed, "the court may permit withdrawal of the [guilty] plea upon a showing by the defendant of any fair and just reason." The defendant bears the burden of showing a fair and just reason and has no "right" to withdraw the plea. United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). When a plea bargain is conditioned on the cooperation of more than one defendant, the court must make a more careful examination of voluntariness. United States v. Caro, 997 F.2d 657, 659-60 (9th Cir.1993).
 
 
 4
 The court did not err in finding that Best's guilty plea was voluntary. His testimony at his Rule 11 hearing supports only such a conclusion. In response to the court's questions, he testified that his decision to plead guilty was "free and voluntary" and that it was not influenced by "threats or coercion" or "promises of leniency." He also explained that it was his "individual choice." And short time periods for decisions and strategic changes by parties are inherent in any negotiations.
 
 
 5
 The court also did not err in finding that Ward pleaded guilty voluntarily and received effective assistance of counsel. His testimony at his Rule 11 hearing supports the conclusion that his guilty plea was voluntary. He explained that he made an "independent decision" to plead guilty and that it was "free and voluntary." He said that he was not "coerced or threatened or forced into it" and that "there wasn't any pressure or coercion put on [him] by [his] co-defendants ... to force [him] to go along with it." He waived his right to have his attorney present at the settlement conference. He said that he was "adequately represented by other counsel and through the availability of [his attorney] by the telephone." And although his attorney was not present, he "talk[ed] to him at length" by telephone on the days of the settlement conference.
 
 
 6
 Nor did the court err in finding that Martinez's guilty plea was voluntary. At the Rule 11 hearing, he explained that he made an "individual decision" and that it was not influenced by "any threats or coercion." He said that he understood that his plea "did not hinge upon the plea of the other defendants." And, as noted above, strategic changes and short time periods are common in negotiations.
 
 II[1]
 
 7
 Ward and Martinez waived their right to challenge their base offense levels on appeal. The base offense level under U.S.S.G. Sec. 2D1.1(c) depends on the total amount of marijuana involved in the offense. Neither Ward nor Martinez alleged that the presentence report's conclusion as to the total amount of marijuana involved was factually inaccurate. Having failed to do so, they waived their right to challenge those amounts on appeal. See United States v. Visman, 919 F.2d 1390, 1393 (9th Cir.1990), cert. denied, 502 U.S. 969 (1991).
 
 
 8
 The court correctly included Ward's misdemeanor theft conviction in his criminal history. Application Note 3 to U.S.S.G. Sec. 4A1.1(c) explains that: "A sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted." Ward was arrested for misdemeanor theft and fined $100 in 1980. By his guilty plea, he admitted that the conspiracy began "[o]n or about an unknown date, believed to be in the early 1980's, up to and including late 1992." His theft sentence was not imposed more than ten years prior to the commencement of this conspiracy.
 
 
 9
 The court did clearly err in finding that Ward was a "manager" or "organizer." To impose an upward adjustment under U.S.S.G. Sec. 3B1.1(c), the court must find that the defendant "exercised some control over others involved in the commission of the offense" or was "responsible for organizing others for the purpose of carrying out the crime." United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990); see United States v. Hoac, 990 F.2d 1099, 1110-11 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994).
 
 
 10
 The facts alleged in the presentence report do not satisfy the Mares-Molina test because they do not show that Ward controlled others or was responsible for organizing others. The facts do not support the conclusion of the presentence report and the court erred in adopting that conclusion. The government offered no evidence that Ward controlled others or was responsible for organizing others. Cf. United States v. Ponce, Nos. 93-50734, 93-50748, 94-50075, slip op. 3353, 3364-65 (9th Cir. Mar. 27, 1995) (finding no basis for adjustment for role in offense because no evidence showed that defendant supervised or otherwise exercised control over other participants in the conspiracy)
 
 III
 
 11
 We affirm the denial of all appellants' motions to withdraw their guilty plea. We affirm Martinez's sentence. We affirm in part and reverse in part Ward's sentence and remand for resentencing.
 
 
 12
 AFFIRMED in part, REVERSED in part and REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Contrary to the government's argument, Ward and Martinez did not waive their statutory rights to appeal their sentences. In the absence of a written plea agreement containing an express waiver of appellate rights, a Rule 11 colloquy concerning the waiver is required. United States v. Michlin, 34 F.3d 896, 898 (9th Cir.1994). During their Rule 11 colloquies, however, neither Ward nor Martinez was asked whether he understood that by pleading guilty he waived his right to appeal his sentence