77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward ZARAGOZA, Petitioner-Appellant,
v.
Jerry STAINER, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-55496.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1995.
Decided Jan. 5, 1996.
 
 Before: SCHROEDER, FERGUSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Edward Zaragoza appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 1989 conviction by guilty plea to residential burglary. The burglary occurred when Zaragoza and a lifelong friend, Arnold Guarnica, took a lawn mower from a woman's garage and drove off with it. Prior to trial, the California district attorney offered a plea agreement under which Guarnica would receive the minimum sentence of two years, and Zaragoza would receive a twelve year sentence. Zaragoza's twelve years would be comprised of the minimum sentence of two years for the burglary, plus two five-year enhancements for having committed prior felonies; a third five-year enhancement for Zaragoza's third prior felony would not be sought. Zaragoza and Guarnica rejected the plea and the case proceeded to trial.
 
 
 3
 During jury selection the prosecution made a second plea offer. Zaragoza's sentence would stay the same, but Guarnica would receive probation on the condition that Guarnica spend one year in County custody, less time served. Guarnica and Zaragoza talked briefly about the plea. Guarnica did not threaten or promise anything to Zaragoza. But, Zaragoza was concerned that Guarnica was naive and would not survive in prison. Guarnica implored Zaragoza to take the plea. Although Zaragoza thought he could win at trial, he agreed to take the plea.
 
 
 4
 Zaragoza then argued on habeas petition to the district court that the California district attorney's plea offer was actually a package plea agreement. Below, the district court assumed for the purposes of its analysis (without actually finding) that Zaragoza and Guarnica were in fact offered a package plea. Likewise, California's argument on appeal assumes, arguendo, that Zaragoza and Guarnica's guilty pleas were the product of a package deal. Zaragoza's habeas petition thus argues that his conviction was infirm because (1) the California trial court failed to investigate whether this package plea agreement was entered voluntarily, and (2) the agreement was in fact entered involuntarily.
 
 
 5
 The district court agreed with Zaragoza that the California trial court did not "inquire into the circumstances surrounding the simultaneous guilty pleas to determine whether they were in any way interdependent, nor did the judge ask any specific questions pertaining to the voluntariness of petitioners plea." Thus, the district court held an evidentiary hearing as to the voluntariness of Zaragoza's plea, and ultimately concluded that the plea was entered voluntarily.
 
 
 6
 On appeal, Zaragoza renews his contention that the California trial court's failure to investigate the voluntariness of his plea renders it infirm, and additionally argues that the district court erred in determining, after the evidentiary hearing, that Zaragoza's plea was voluntary.
 
 
 7
 Generally, a trial court has a duty to ascertain that a guilty plea is voluntary before accepting the plea. Boyken v. Alabama, 89 S.Ct. 1709, 1711 (1969). Because the guilty plea constitutes a waiver of several constitutional rights (e.g. privilege against self incrimination; right to trial by jury; right to confront one's accusers), the inquiry into voluntariness is constitutionally mandated. Id. at 1712.
 
 
 8
 Further, package plea agreements pose a higher risk of undue coercion because such agreements tie the fates of defendants together. United States v. Caro, 997 F.2d 657, 658-59 (9th Cir.1993); U.S. v. Castello, 724 F.2d 813, 814-15 (9th Cir.1984), cert. denied, 104 S.Ct. 3540 (1984). Thus, Caro and Castello held that a "more careful examination" of voluntariness was required when the district court was faced with a package plea agreement. Id. (discussing package pleas accepted in federal court).
 
 
 9
 In this case the district court correctly concluded that "it can not be determined by looking solely at the record of the state court proceedings whether the petitioner's plea was voluntary." In other words, the California court failed to ascertain voluntariness in accordance with Boyken.
 
 
 10
 Failure to conduct the required inquiry, however, does not result in automatic reversal. United States v. Pricepaul, 540 F.2d 417, 422 (9th Cir.1976). The inquiry is merely prophylactic, and hence a post conviction hearing on voluntariness can remedy the initial defect. Id. Thus, the California court's failure is rectified by the district court's evidentiary hearing.
 
 
 11
 Ultimately, therefore, the only real question for this court to decide is whether the district court was correct to conclude that Zaragoza's plea was voluntary. The voluntariness of Zaragoza's plea is reviewed de novo, but the findings of fact that underlie that determination are reviewed for clear error. Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir.1986).
 
 
 12
 As an initial matter, Zaragoza argues that "conditional package plea agreements are presumptively coercive in nature." Nothing in the case law supports this statement. The case that Zaragoza cites in support of this proposition is United States v. Caro, which simply says that package plea bargains pose greater risks of involuntariness than ordinary, independent bargains. 997 F.2d at 658-659.
 
 
 13
 In sum, no presumption of coerciveness or involuntariness is created for package pleas. Id. Rather, the voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." Brady v. United States, 90 S.Ct. 1463, 1469 (1970).
 
 
 14
 The district court found that Guarnica made neither threats nor promises to induce Zaragoza's plea. Zaragoza does not contest this finding. The district court thus concluded that Zaragoza's plea was an act of altruism. Zaragoza contests this characterization; however, there is substantial evidence to support the district court's finding that Zaragoza's act was altruistic. Zaragoza testified that he was pleading guilty as "a favor" to Guarnica, and that he was "concerned about helping Mr. Guarnica." Zaragoza's counsel testified that Zaragoza's plea was an act of "altruism."
 
 
 15
 Certainly, concern for one's friends or loved ones can be an important factor in deciding whether to take a package plea. But the question is whether, as a matter of law, this type of motivation is sufficient to vitiate Zaragoza's free will and render his plea involuntary. The district court concluded in the negative, based on, inter alia, Cortez v. United States, 337 F.2d 699, 701-02 (9th Cir.1964), cert. denied, 85 S.Ct. 1811 (1965), a case that holds that where a defendant sacrifices himself to benefit a loved one, the plea was the product of a free choice and was not involuntary.
 
 
 16
 Zaragoza cites no authority that directly counters the conclusion of Cortez (and the similar cases from other circuits cited by the district court). Rather, Zaragoza urges that by discounting the psychological coercion inherent in a package plea, the court undermines the holdings in Caro and Castello--cases that counsel close scrutiny of voluntariness in package pleas.
 
 
 17
 A close look at Caro and Castello, however, reveals that the concern with linking the fates of defendants via a package plea is not so much the intrinsic emotional and psychological pressure, but rather that the co-defendants might be inspired to exert improper influence--threats or promises--on one another. Caro, for example, says "the lucky one may try to force his codefendant(s) into going along with the deal." 997 F.2d at 659. Likewise, Castello says "third party threats and promises 'might pose a great danger of inducing a false guilty plea by skewing the assessment of the risks a defendant must consider.' " 724 F.2d at 815 quoting Bordenkircher v. Hayes, 98 S.Ct. 663, 668 n. 8 (1978). Thus, the cases cited by Zaragoza do not contradict the district court's conclusion that the desire to help a friend or loved one, and the accompanying psychological and emotional pressure, does not render a guilty plea involuntary. In sum, Zaragoza was faced with a very difficult choice, but the choice was his. We therefore affirm.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3