89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonardo MANCILLA-GARCIA, Defendant-Appellant.
 No. 94-50350.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1996.
Decided June 27, 1996.
 
 Before: WIGGINS, THOMPSON, and TROTT, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 Leonardo Mancilla-Garcia was arrested with codefendant Agraciano Marquez-Delgado while carrying sacks of fertilizer towards a marijuana field in a remote and rocky desert canyon. Mancilla and Marquez later entered into a "package" plea agreement with the government and purported to waive their rights to appeal. Mancilla now raises four arguments he did not make before the district court: (1) the district judge improperly participated in the plea discussion in violation of Rule 11(e); (2) his plea was involuntary because it was part of a "package"; (3) he did not knowingly and voluntarily waive his appellate rights; and (4) the district court failed to estabish a factual basis for the plea.
 
 
 3
 Because these arguments implicate the validity of the waiver of the right to appeal, we will decide each in turn.
 
 
 4
 * Mancilla argues that the district court improperly participated in the plea discussions in violation of Federal Rule of Criminal Procedure 11(e). This argument has no merit. The discussions Mancilla complains of occurred after he told the court that he would plead guilty. Rule 11 only bars "all forms of judicial participation before the parties have reached a plea agreement and disclosed the final agreement in open court." United States v. Garfield, 987 F.2d 1424, 1426 (9th Cir.1993) (emphasis added). Therefore the district court did not improperly participate in the plea discussions.
 
 II
 
 5
 Mancilla argues that his plea was coerced because it was part of a package--both he and Marquez had to plead guilty before either could receive favorable treatment. This argument is not persuasive.
 
 
 6
 Package plea agreements are not impermissible per se. However, courts recognize that such deals invite coercion that would not occur if the government were dealing with only one defendant because the defendant who wants to accept the plea might apply pressure to force his reluctant codefendant to go along. United States v. Caro, 997 F.2d 657, 659 (9th Cir.1992). Therefore, this court has mandated that if a plea agreement is part of a package, the trial court must take special care to ensure that the plea is voluntary. Id.
 
 
 7
 Here, the district judge was aware that the plea agreement was part of a package deal and that Mancilla had been the one who had previously held up the agreement. ER 36-37. At the change-of-plea hearing, the judge engaged in an extensive dialogue with Mancilla to determine if the agreement was voluntary:
 
 
 8
 Court: It's up to you. You have to independently decide to plead guilty. There has to be a factual basis for your guilty plea. If there's not, then we'll proceed to trial, and we'll put the government to its burden of proving the case.
 
 
 9
 Mancilla: Okay, all right.
 
 
 10
 Court: Do you want to go to trial?
 
 
 11
 Mancilla: I want to plead guilty.
 
 
 12
 Court: Are you pleading guilty because you are guilty and for no other reason?
 
 
 13
 Mancilla: Yes.
 
 
 14
 ER 63.
 
 
 15
 Court: Now, this is a package, is that correct?
 
 
 16
 ....
 
 
 17
 Court: Mr. Leonardo Mancilla-Garcia, are you pleading guilty because you are guilty?
 
 
 18
 Mancilla: Yes.
 
 
 19
 Court: Are you trying to help out your friend, Mr. Agraciano Marquez-Delgado?
 
 
 20
 Mancilla: Yes.
 
 
 21
 Court: That is not permitted. Are you willing to go to jail just to help him out?
 
 
 22
 Mancilla: If he don't want to give a statement as he should--but--I accept--I agree to plead guilty.
 
 
 23
 Court: Okay, but you understand the consequences--you're going to be going to jail--
 
 
 24
 Mancilla: Yes.
 
 
 25
 Court: --for over 10 years.
 
 
 26
 Mancilla: Yes.
 
 
 27
 Court: That's a long time. Are you going to jail for 10 years so that Mr. Agraciano Marquez-Delgado can have a lesser amount of time in custody than the 248 months we talked about?
 
 
 28
 Mancilla: No.
 
 
 29
 Court: Are you pleading guilty because you have taken a look at the potential--of what could happen to you if you're convicted at trial?
 
 
 30
 Mancilla: Yes.
 
 
 31
 Court: You understand that if you go to trial and if you were convicted you would be looking at much more time in custody than 121 months.
 
 
 32
 Mancilla: Yes.
 
 
 33
 Court: Why are you pleading guilty?
 
 
 34
 Mancilla: Because I am guilty.
 
 
 35
 SER 70-71.
 
 
 36
 The district court later found that Mancilla's plea was voluntary. We agree. Although Mancilla indicated one time that he wanted to help out Marquez, further questioning by the district judge showed that he would not be willing to spend ten years in jail just to assist his friend, and that his plea was motivated by the fact that he was guilty and entering the plea would reduce his sentence.
 
 III
 
 37
 A defendant may waive his right to appeal so long as the waiver is knowingly and voluntarily made. United States v. Desantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1992), cert. denied, 115 S.Ct. 939 (1995). It is not necessary that the district court advise the defendant of his waiver at the time the plea agreement is accepted, id., so long as the "circumstances surrounding the signing and entry of the plea agreement [show that] the defendant agreed to its terms knowingly and voluntarily." United States v. Buchanan, 59 F.3d 914, 917 (9th Cir.1995).
 
 
 38
 Here, Mancilla signed a plea agreement which contained an express waiver of his right to appeal. Before the district court accepted his plea, the following conversation occurred:
 
 
 39
 Court: [You] ha[ve] a right to persist in your plea of not guilty. If the Court accepts your plea of guilty to count three of the superceding indictment you will have waived your right to trial and appeal as to your guilt. Do you understand that?
 
 
 40
 Mancilla: Yes, I do.
 
 
 41
 ER 47 (emphasis added). This questioning is sufficient to show that the waiver was knowing and voluntary.
 
 
 42
 The government argues that Mancilla's waiver would meet the knowing and voluntary requirement even if the district court had not questioned Mancilla about the waiver prior to accepting the plea. We agree. At the start of the change-of-plea hearing, Mancilla's attorney told the judge that he and Mancilla had discussed the plea "in principle." SER 34. The record also shows that Mancilla's attorney and an interpreter read the agreement to Mancilla in Spanish before he signed it. SER 47. Finally, the plea agreement contains a clause which specifically states that "Defendant's attorney has ... explained to the defendant, and the defendant understands, all of the terms and conditions of the plea agreement," one of which waives the right at issue. SER 14. See United States v. Michlin, 34 F.3d 896, 898-99 (9th Cir.1994); Desantiago-Martinez, 38 F.3d at 395-96. Thus, Mancilla's waiver is valid.
 
 IV
 
 43
 A review of the record indicates beyond any doubt whatsoever that a factual basis for this plea exists.
 
 CONCLUSION
 
 44
 Because Mancilla's waiver of his right to appeal is free of defects, this appeal is ordered DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3