**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Enrique ARMAS, Defendant–Appellant.**

**No. 00–30040.**
**D.C. No. CR–99–031–E–BLW.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2001.

Decided April 20, 2001.

Before THOMPSON, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM *

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

For his participation in a conspiracy to distribute methamphetamine, Enrique Armas pled guilty to three counts of drug and weapon violations as part of an unwritten "package" plea agreement that required that his pregnant wife, a codefendant, plead guilty to one count, which she did. Mr. Armas was sentenced to 240 months' imprisonment. He now appeals his conviction on the ground that the district court failed to inquire into the package nature of the plea agreement, rendering his guilty plea involuntary. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We review de novo the voluntariness of a guilty plea. *United States v. Kikuyama*, 109 F.3d 536, 537 (9th Cir. 1997). De novo review applies even though Mr. Armas did not move to vacate or withdraw his plea at the district court. *See United States v. Timbana*, 222 F.3d 688, 701 (9th Cir.2000).

■ "Though package deal plea agreements are not per se impermissible, they pose an additional risk of coercion not present when the defendant is dealing with the government alone." *United States v. Caro*, 997 F.2d 657, 659 (9th Cir.1993); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 n. 8, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Consequently, we have held that "the trial court should make a more careful examination of the voluntariness of a plea" in these circumstances. *Caro*, 997 F.2d at 659 (internal citations and quotation marks omitted).

In *Caro*, we reversed a denial of a Fed. R.Crim.P. 32(d) (now Fed.R.Crim.P. 32(e)) motion to set aside a guilty plea because the district court was unaware of the package nature of the plea agreement and thus did not conduct a "more careful examination of voluntariness." *Id.* at 660 (citation omitted). We found that the district court's failure to investigate whether codefendants pressured the defendant into signing on to the agreement was not harmless error because it "could well have affected his decision to enter the plea." *Id.*

■ Here, the district court knew of the package nature of the plea agreement and conducted a careful examination of voluntariness. Early in the proceeding, counsel for Mr. Armas told the court:

[Mr. Armas] is entering the plea, we believe, of his own volition with full knowledge of the consequences of that plea. But I think the Court should understand, as I believe the Court already does, that this is a particularly sensitive situation. There are several children, small children, that are already part of the Armas family and as the Court knows, Rosa Armas is currently pregnant, delivery date of Thursday, I believe.

Partly because of the need to provide the earliest possible release for his wife and to provide the best support and care for his children, Mr. Armas is entering into this agreement. He is doing so understanding the Government's evidence against him, but certainly part of the consideration for his plea is the Government's agreement to drop all but the one charge against Rosa Armas.

The government agreed with this description of the plea agreement and explained that there was no further agreement as to offense levels, quantity of drugs, or criminal history category. The district court considered taking the pleas of both Mr. and Mrs. Armas together but then elected to do them one at a time "given the language barrier and concern that the Defendants fully understand what they were doing."

The district court asked Mr. Armas all of the standard questions contemplated by Fed.R.Crim.P. 11, including, "has anyone threatened you or anyone else or forced you in any way to plead guilty," to which

Mr. Armas responded "No." The district court then asked counsel if he was "satisfied that [his] client's plea of guilty ... is knowledgeable and voluntary," to which counsel responded:

> Yes ... [with the] understanding that part of the motivation here has to do with concern about the Defendant's family and particularly his wife.... I believe that he is making the decision voluntarily and with a full understanding of his legal rights as well as the case against him.

We reject Mr. Armas' argument that the district court's failure to ask him specifically whether his plea was the result of coercion by his wife renders it involuntary. The above comments of Mr. Armas and his counsel make clear that he pled guilty of his own volition, although undoubtedly influenced by a desire to help his wife and family. This differs markedly from the defendant in *Caro* whom the court was concerned may have acted out of "threats or pressures from his codefendants." *See Caro*, 997 F.2d at 660. The desire to help a loved one, and the accompanying emotional and psychological pressure, does not by itself render a guilty plea involuntary. *See Cortez v. United States*, 337 F.2d 699 (9th Cir.1964) (guilty plea in exchange for reduced charges against defendant's pregnant wife was product of free choice and not involuntary).

AFFIRMED.