Donald O'Dell **TOWNE,** Petitioner,

v.

Craig **FARWELL,** Respondent.

No. 04–15058.

D.C. No. CV–00–00436–DWH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Nov. 22, 2004.

874

Paul G. Turner, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner.

Victor H. Schulze, AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Respondent.

Before REINHARDT, THOMPSON, and BERZON, Circuit Judges.

## MEMORANDUM *

The parties are familiar with the facts and procedural history of this case, and thus we do not repeat them here.

■ The fact that Towne's plea was part of a package deal does not, per se, render it involuntary. *See United States v. Caro,* 997 F.2d 657, 659 (9th Cir.1993). Although Towne's guilty plea memorandum failed to note its package deal nature and the prosecutor did not alert the state district court to this fact at the plea hearing, these defects were remedied by the post-conviction hearing conducted by the state court judge who accepted the plea. *See United States v. Pricepaul,* 540 F.2d 417, 422 (9th Cir.1976).

■ More specifically, Towne argues his plea was involuntary because his counsel told him he was the final holdout and that at least one other co-defendant was told the same thing. Towne contends this establishes that his counsel lied to him, resulting in a coerced plea, because only one co-defendant could have been the last to agree to the package. *See Blackledge v. Allison,* 431 U.S. 63, 75, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir.1986). Towne also

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

argues his plea was coerced because he was told that if he did not agree to the deal, his co-defendants would face trial and the possibility of a death sentence.

Having considered Towne's arguments, we conclude that it was not unreasonable for the Nevada Supreme Court to conclude that his plea was voluntary and not coerced. His counsel's representations, as related by Towne, were not necessarily false. Towne may in fact have been the last to agree. If he was, his counsel spoke the truth. Towne failed, in support of his state court petition for habeas relief, to carry his burden to make a showing that he was not the last to agree and, thus, his counsel lied to him. With regard to his counsel's statement that the others would face trial and the possibility of the death penalty if Towne did not agree to the package, such a statement simply describes what is inherent in a plea package arrangement. Thus, on the basis of the record that was presented to the Nevada Supreme Court, that court's decision determining that Towne's plea was voluntary and not coerced was not an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

We decline to expand the issues on appeal, and thus do not consider the uncertified issues presented by Towne in his appellate briefs filed with this court.

AFFIRMED.