MEMORANDUM **
Defendant Daniel Anderson appeals (1) the district court’s denial of his motion to withdraw his guilty pleas, (2) the district court’s failure to set aside the plea agree *558 ment because the government had breached it, and (3) the amount of the district court’s modified restitution order. We affirm.
1. ‘We review de novo whether a defendant has waived his right to appeal by entering into a plea agreement and the validity of such a waiver.” United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir.2005). We will enforce a defendant’s appellate waiver when “(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.” Id. Here, the district court accurately found that no package deal existed. See United States v. Caro, 997 F.2d 657, 660 (9th Cir.1993) (requiring district courts to make a “more careful examination of voluntariness” during the Rule 11 colloquy “when a plea bargain is conditioned on the cooperation of more than one defendant.”). Accordingly, Anderson knowingly and voluntarily waived his right to appeal, and we cannot review the district court’s denial of Anderson’s motion to withdraw his guilty plea.
2. Anderson’s valid appellate waiver does not preclude review of Anderson’s claim that the prosecution breached the plea agreement. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.1996) (noting an exception for “claims involving a breach of the plea agreement”). The government’s act of re-indicting Anderson with the counts it had dismissed according to the plea agreement was not a remedy the agreement allowed for Anderson’s breach. However, it does not require that Anderson’s plea be set aside. The district court’s remedy, requiring the plea to be set aside if the government decides to try Anderson on the remaining counts, was appropriate under the circumstances.
3. Anderson’s valid appellate waiver does not preclude review of the district court’s restitution order. See United States v. Gordon, 393 F.3d 1044, 1050 (9th Cir.2004) (“A restitution order which exceeds its authority under the [Mandatory Victims Restitution Act] is equivalent to an illegal sentence.... [Therefore, the waiver of appeal is inapplicable to [the restitution order].”). The Mandatory Victims Restitution Act “minimally requires that facts [supporting the amount victims lost] be established by a preponderance of the evidence, and the district court may utilize only evidence that possesses sufficient indicia of reliability to support its probable accuracy.” United States v. Waknine, 543 F.3d 546, 557 (9th Cir.2008) (internal quotation marks omitted). The district court did not abuse its discretion in ordering Anderson to pay the restitution specified in its modified order. See United States v. Peterson, 538 F.3d 1064, 1074 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.