**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR BERRELLEZA-VERDUZCO,

Defendant - Appellant.

No. 13-30262

D.C. No. 2:12-cr-00062-RSL-3

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted December 11, 2014
Seattle, Washington

Before: McKEOWN, TALLMAN, and OWENS, Circuit Judges.

Victor Berrelleza-Verduzco appeals the district court's denial of his motion

to withdraw his guilty plea and his motion to substitute counsel at sentencing.

Berrelleza-Verduzco argues this court should vacate his plea and sentence because

the district court did not address the "package deal" provision interlocking

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Berrelleza-Verduzco's written plea agreement with four other co-defendants when reviewing the agreement in open court. Berrelleza-Verduzco argues this raises concerns about the voluntariness of his plea. Fed. R. Crim. P. 11(b)(2).

While the prosecution did not comply with its duty to orally alert the district court that Berrelleza-Verduzco's plea was part of a package deal with co-defendants, *United States v. Caro*, 997 F.2d 657, 660 (9th Cir. 1993), Berrelleza-Verduzco failed to establish that this amounts to plain error. *United States v. Vonn*, 535 U.S. 55, 62–63 (2002).[1] Berrelleza-Verduzco has not alleged sufficient facts to support a conclusion that, but for the deficient colloquy that failed to inquire into the package deal provision, it was reasonably probable that Berrelleza-Verduzco would not have pled guilty and would have gone to trial. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Davila*, 133 S. Ct. 2139, 2150 (2013).

Finally, the district court did not abuse its discretion in denying Berrelleza-Verduzco's motion to substitute counsel. The conflict between client and attorney

---

[1] Berrelleza-Verduzco argues that he should benefit from the standard of review applied in *United States v. Caro*—harmless error. However, since 1993, the Supreme Court has toughened the standard of review for Rule 11 errors, making it harder to show cause to vacate convictions and withdraw guilty pleas. *See Vonn*, 535 U.S. 55; *United States v. Dominguez Benitez*, 542 U.S. 74 (2004); *United States v. Davila*, 133 S. Ct. 2139 (2013).

did not involve threats or an inability to pay counsel, the court gave Berrelleza-Verduzco the option of a delay for further consultation with his attorney, and the judge's inquiry into Berrezella-Verduzco's complaint was sufficient. *Cf. United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010).

**AFFIRMED.**