**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRISTIAN BERRELLEZA-VERDUZCO,

Defendant - Appellant.

No. 14-30211

D.C. No. 2:12-cr-00062-RSL-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Senior District Judge, Presiding

Argued and Submitted June 8, 2016
Seattle, Washington

Before: PAEZ, BYBEE, and CHRISTEN, Circuit Judges.

Cristian Berrelleza-Verduzco appeals the district court's order denying his

motion to withdraw his guilty plea.  We affirm because the district court did not

abuse its discretion in rejecting the three reasons Berrelleza-Verduzco offered for

withdrawing his guilty plea.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.     Contrary to Berrelleza-Verduzco's argument, *United States v. Caro* does not require setting aside his plea.  997 F.2d 657, 659 (9th Cir. 1993) ("Though package deal plea agreements are not per se impermissible, they pose an additional risk of coercion not present when the defendant is dealing with the government alone.").  Unlike in *Caro*, here the district court knew about the interdependence clause when it confirmed that Berrelleza-Verduzco pleaded guilty voluntarily.  *See id.* at 659-60.  Moreover, Berrelleza-Verduzco has not argued that his codefendants pressured him to plead guilty.  *Contra id.* at 659.

2.     The record supports the district court's findings that Berrelleza-Verduzco requested the involvement of a settlement judge in plea negotiations and that the settlement judge made no remarks influencing his decision to plead guilty.  As a result, the settlement judge's involvement does not require setting aside the guilty plea.  *See United States v. Davila*, —U.S.—, 133 S. Ct. 2139, 2143 (2013) ("[V]acatur of the plea is not in order if the record shows no prejudice to [the defendant's] decision to plead guilty."); *see also United States v. Myers*, 804 F.3d 1246, 1257-58 (9th Cir. 2015).

3.  The district court's finding that Berrelleza-Verduzco's former counsel was not ineffective is supported by Berrelleza-Verduzco's representations at the plea colloquy, his testimony at the hearing on his motion to withdraw his plea, and

2

his former counsel's declaration.  The district court therefore did not err in concluding that Berrelleza-Verduzco was not deprived of legal advice that would have plausibly motivated him to proceed to trial rather than plead guilty.  *See United States v. Bonilla*, 637 F.3d 980, 983-84 (9th Cir. 2011).

**AFFIRMED.**